USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/1/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA          :

    - against -                  :            **MEMORANDUM DECISION**

ELADIO PADILLA,                   :            97 Cr. 809 (DC)

           Defendant.    :

- - - - - - - - - - - - - - - - - -x

**CHIN, D.J.**

    Pro se defendant Eladio Padilla moves pursuant to 18 U.S.C. § 3582(c)(2) for modification of his sentence or, alternatively, for a hearing to determine whether he is entitled to a modified sentence. For the reasons set forth below, the motion is denied.

### BACKGROUND

    On April 24, 2000, Padilla pled guilty, pursuant to a plea agreement, before Magistrate Judge Frank Maas to conspiracy to murder, attempted murder, and the use of a firearm in connection with a crime of violence. I accepted the plea and on August 17, 2000, I sentenced Padilla to a term of imprisonment of 540 months, to be served consecutively to an undischarged state sentence of four and one-half to nine years' imprisonment for a narcotics conviction that Padilla was serving at the time of sentencing.

    Padilla appealed his conviction to the Second Circuit, arguing, inter alia, that I erred in making his federal sentence consecutive to and not concurrent with his state sentence. The

Second Circuit rejected this argument and affirmed by summary order dated July 11, 2001, holding that Padilla was not eligible for a concurrent sentence under § 5G1.3 of the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."),[1] the guideline that governs where a defendant being sentenced is already subject to an undischarged term of imprisonment pursuant to another proceeding.  See United States v. Villanueva, 14 Fed. Appx. 84 (2d Cir. 2001).

Padilla then filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  Among other things, he claimed that his counsel was ineffective because (1) she erroneously advised him that his federal and state sentences would run concurrently, and (2) she failed to argue for application of § 5G1.3.  I denied the motion by Memorandum Decision dated April 23, 2003.  See Padilla v. United States, Nos. 97 Cr. 809, 02 Civ. 5992, 2003 WL 1948799 (S.D.N.Y. Apr. 24, 2003).  Padilla appealed to the Second Circuit, which denied and dismissed the appeal on November 23, 2004.

Padilla filed this motion on December 1, 2006, and it was received in my Chambers on January 11, 2007.  He again argues that his federal sentence should have been imposed concurrently with his state sentence.

---

[1] This Court applied the U.S.S.G. effective as of November 1, 1998 -- the Guidelines in effect at the time of Padilla's plea agreement.

**DISCUSSION**

Section 5G1.3 of the 1998 Guidelines provides that if "the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment." U.S. Sentencing Guidelines Manual § 5G1.3(b) (1998).

Here, Padilla did not qualify for a concurrent sentence because, according to his plea agreement, his state court conviction was not a factor used to determine his base offense level. Villanueva, 14 Fed. Appx. at 85-86. In such a case, the sentencing court has significant discretion to impose the sentence "concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." U.S.S.G. § 5G1.3(c); see Villanueva, 14 Fed. Appx. at 86. I exercised my discretion and ordered the sentences to run consecutively. See Villanueva, 14 Fed. Appx. at 86 ("In view of the heinousness of the crimes to which Padilla pled guilty, we find that the district court did not abuse its discretion in making the federal term consecutive to the state term of imprisonment.").

Padilla now argues that an amendment to the Guidelines makes him eligible for a modified sentence under 18 U.S.C. § 3582(c)(2), which reads:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (2002). Padilla contends that under Amendment 660 to § 5G1.3(b), which became effective on November 1, 2003, he is entitled to a modified sentence.

> As amended, § 5G1.3(b) provides that:
>
> [If] a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:
>
> (1) The court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
>
> (2) The sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

U.S. Sentencing Guidelines Manual § 5G1.3(b) (2006). Specifically, Padilla argues that his state court conviction was

"relevant conduct" to his federal offense, thereby requiring an adjusted sentence.

Padilla's argument is without merit. Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) of U.S.S.G. § 1B1.10 that lowers the applicable guidelines range. U.S. Sentencing Guidelines Manual § 1B1.10 cmt. n.1 (2006). Amendment 660 is not listed in § 1B1.10(c).

Accordingly, the motion is denied, as is Padilla's request for a due process hearing to determine whether he should have been awarded a concurrent sentence under § 5G1.3. I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438 (1962).

SO ORDERED.

Dated:   New York, New York
         March 1, 2007

                    DENNY CHIN
                    United States District Judge