```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA            :     MEMORANDUM DECISION

        - against -                 :
                                          97 Cr. 809 (DC)
ELADIO PADILLA,                     :

                Defendant.          :

- - - - - - - - - - - - - - - - - -x

APPEARANCES:    ELADIO PADILLA
                Defendant Pro Se
                USP Allenwood
                U.S. Penitentiary
                P.O. Box 3000
                White Deer, Pennsylvania  17887
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/25/07

**CHIN, D.J.**

By Memorandum Decision dated March 1, 2007 (the "Decision"), familiarity with which is assumed, I denied pro se defendant Eladio Padilla's motion for modification of his sentence or, alternatively, for a hearing to determine whether he is entitled to a modified sentence. In that motion, Padilla appeared to argue that Amendment 660 to the United States Sentencing Guidelines rendered him eligible for a modified sentence.

Padilla now moves for reconsideration of the Decision, arguing that Amendment 591 to the Guidelines, not Amendment 660, was the basis of his motion for a modified sentence, and that United States v. Williams, 260 F.3d 160 (2d Cir. 2001), issued by the Second Circuit after he was sentenced, likewise compels modification of his sentence.

The motion is denied.  First, Padilla's argument based on Amendment 591 is without merit.  "Prior to Amendment 591, a court could consider relevant conduct when selecting the applicable offense guideline section.  Amendment 591, which became effective November 1, 2000, requires that the initial selection of the offense guideline be based only on the statute of conviction rather than on judicial findings of actual conduct that will never be made by the jury."  Eubanks v. United States, No. 92 Cr. 392, 2005 WL 1949474, at *8 (S.D.N.Y. Aug. 11, 2005) (citing United States v. Rivera, 293 F.3d 584, 585 (2d Cir. 2002)); U.S. Sentencing Guidelines Manual app. C, vol. II ("Appendix C"), Amendment 591 (2003).  The purpose of Amendment 591 is to "emphasize that the sentencing court must apply the offense guideline listed in the Statutory Index for the statute of conviction."  Eubanks, 2005 WL 1949474, at *8 (quoting Appendix C, Amendment 591).

Padilla does not argue, however, that I applied the incorrect offense guideline for a violation of 18 U.S.C. § 1959, the statute of conviction at issue here.  Rather, he argues that his prior state conviction was "relevant conduct" that should have been taken into account in setting his base offense level, see U.S.S.G. § 1B1.3 (defining "relevant conduct"), thereby mandating a concurrent sentence under U.S.S.G. § 5G1.3(b).[1]

---

[1]   Under this section of the Guidelines, if a defendant is subject to an undischarged term of imprisonment, and "the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the

Padilla has made this argument numerous times, and each time it has been rejected. This time is no different. This aspect of his motion is denied.

Second, Padilla's reliance on United States v. Williams is misplaced. In Williams, the Second Circuit held that a district court is obligated to apply U.S.S.G. § 5G1.3(b) where, as here, a defendant's plea agreement is silent on whether the stipulated sentence should run consecutively to or concurrently with an existing undischarged sentence. 260 F.3d at 166. The Second Circuit further held that "a defendant cannot enjoy the benefits of section 5G1.3(b) unless the district court in fact incorporated his prior offense as relevant conduct in the instant prosecution." Id. at 167 (emphasis in original). Thus, even assuming that Padilla's prior offense could technically qualify as "relevant conduct" to the offense at issue, § 5G1.3(b) does not mandate a concurrent sentence because his prior offense was not used to determine his base offense level. See United States v. Villanueva, 14 Fed. Appx. 84, 85-86 (2d Cir. 2001) ("Our review of the record indicates that Padilla's state court conviction was not taken into account in the determination of his federal sentence.").

For the foregoing reasons, Padilla's motion is denied. I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from

---

instant offense shall be imposed to run concurrently to the undischarged term of imprisonment." U.S. Sentencing Guidelines Manual § 5G1.3(b) (1998).

this order would not be taken in good faith.  See <u>Coppedge v. United States</u>, 369 U.S. 438 (1962).

SO ORDERED.

Dated:   New York, New York
         May 25, 2007

DENNY CHIN
United States District Judge