UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA          :

          - v -                              :

ELADIO PADILLA,                               :

                      Defendant.   :

**MEMORANDUM DECISION**

16 Civ. 3622 (DC)
97 Cr. 809 (DC)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**APPEARANCES:**   AUDREY STRAUSS, ESQ.
United States Attorney for the
Southern District of New York
    By:   Nicholas Folly, Esq.
        Assistant United States Attorney
One Saint Andrew's Plaza
New York, NY  10007

DAVID E. PATTON, ESQ.
Federal Defenders of New York, Inc.
    By:   Edward S. Zas
        Assistant Federal Defender
52 Duane Street—10th Floor
New York, New York 10007

**CHIN, Circuit Judge**

On April 24, 2000, defendant Eladio Padilla pled guilty to five counts of racketeering.  On August 17, 2000, I sentenced him principally to forty-five years' imprisonment.  Now, through counsel, Padilla moves pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, alleging his conviction and sentence are unconstitutional after the Supreme Court's holding in United States v. Davis, 139 S. Ct.

2319 (2019), and the Second Circuit's decision in <u>United States v. Barrett</u>, 937 F.3d 126, 127 (2d Cir. 2019) (hereinafter "<u>Barrett II</u>").  (<u>See</u> Dkt. 97 Cr. 807, No. 123).  For the reasons set forth below, his motion is **DENIED**.

## BACKGROUND

A. <u>**Indictment, Plea, and Sentence**</u>

Padilla and three co-defendants were indicted on March 4, 1998.  (<u>See</u> Dkt. No. 126 at 1-2).  Padilla was charged with twenty counts, including:

>(1) engaging in a racketeering enterprise, in violation of 18 U.S.C. § 1962(c) (Count One);
>
>(2) participating in a conspiracy to murder Juan Rios, a/k/a/ "Amarito," in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5) (Count Three);
>
>(3) participating in a conspiracy to murder Juan Rios, a/k/a/ "Chato," in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5) (Count Five);
>
>(4) attempting to murder Joseph Grajales, a/k/a "Macho," in aid of racketeering, and in aid and abetting the same, in violation of 18 U.S.C. §§ 1959(a)(5) and (2) (Count Ten);
>
>(5) participating in a conspiracy to murder John Santos, a/k/a "Teardrop," in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5) (Count Eleven);
>
>(6) murdering John Santos, a/k/a "Teardrop," in aid of racketeering in violation of 18 U.S.C. §§ 1959(a)(1) and (2) (Count Twelve); and
>
>(7) using and carrying a firearm during and in relation to the conspiracy to murder and murder of John Santos, a/k/a

        "Teardrop," as charged in Act Five of Count One, in violation of 18 U.S.C. § 924(c) and (2) (Count Eighteen).

(See Dkt. No. 123, Ex. A ("Indictment") ¶¶ 1-41; Dkt. No. 126 at 2). Count One alleged six racketeering acts, including conspiracy to murder, attempted murder, and murder. (See Indictment ¶¶ 7-8, 10-11; see also Dkt. No. 126 at 2-3). Racketeering Acts One through Six of Count One were realleged and incorporated by reference in Counts Five, Ten, and Eleven. (See Indictment ¶¶ 1-4, 7-12, 20-21, 30-33; see also Dkt. No. 126 at 2-3). Racketeering Act Five of Count One, referenced in Count Eighteen, alleges both the "[c]onspiracy to Murder John Santos" and the "[m]urder of John Santos." (Indictment ¶ 11a).[1]

        On April 24, 2000, Padilla pled guilty before Magistrate Judge Frank Maas to Counts Three, Five, Ten, Eleven, and Eighteen, listed above. (Dkt. No. 123 at 2; Dkt. No. 126 at 3). See Padilla v. United States, No. 97 Cr. 809 (DC), 2003 WL 1948799, at *1 (S.D.N.Y. Apr. 24, 2003). The language in the Indictment differs slightly from the language in the Plea Agreement regarding Count Eighteen. (See Dkt. No. 126 at 3). The Indictment alleged that Padilla "used and carried a firearm during and in relation to a crime of violence . . . to wit, the conspiracy to murder <u>and murder of</u> John Santos, a/k/a "Teardrop," as charged in Racketeering Act Five of Count One of the Indictment." (Indictment ¶ 41 (emphasis added); Dkt. No. 126 at 3). The Plea Agreement, however,

---

[1] Both subparagraphs of Paragraph 11 of the Indictment are labeled "a." but that appears to be an error. (See Indictment, Dkt. No. 123, Ex. A ¶ 11).

stated only that "Count Eighteen charges the defendant with the use of a firearm during a crime of violence, namely, the conspiracy to murder John Santos . . . as charged in Count Eleven." (Dkt. No. 123, Ex. B; see also Dkt. No. 126 at 3).

On August 17, 2000, I sentenced Padilla principally to a term of ten years' imprisonment on each of Counts Three, Five, Ten, and Eleven, to be served consecutively. (Dkt. No. 123, Ex. E; see also Dkt. No. 126 at 6). For Count Eighteen, I sentenced Padilla to the mandatory five-year consecutive sentence. (Id.).

**B.     Direct Appeal and Post-Appeal Motions**

Padilla appealed his conviction and sentence to the Second Circuit, which affirmed on July 11, 2001. (See Dkt. No. 126 at 6; Dkt. No. 123 at 4). See United States v. Villanueva, 14 F. App'x 84 (2d Cir. July 11, 2001). On July 29, 2002, Padilla, proceeding pro se, filed a motion pursuant to 28 U.S.C. § 2255, challenging his conviction and sentence. (Dkt. No. 123 at 5; Dkt. No. 126 at 6). I denied his motion, finding Padilla's ineffective assistance of counsel claims both without merit and barred by the appeal waiver he agreed to as part of the Plea Agreement. See United States v. Padilla, 2003 WL 1948799 (S.D.N.Y. Apr. 24, 2003). Padilla appealed to the Second Circuit, which dismissed the appeal on November 23, 2004. (Dkt. No. 126 at 6; Dkt. No. 87). On December 1, 2006, Padilla moved pursuant to 18 U.S.C. § 3582(c)(2), arguing that his federal sentence should have been imposed concurrently with his state sentence. (Dkt.

No. 94; Dkt. No. 126 at 6; Dkt. No. 92). I denied his motion without granting leave to appeal. (Dkt. No. 94 ; Dkt. No. 126 at 6).

On June 26, 2015, the Supreme Court decided <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), holding that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 922(g) (the "ACCA"), is unconstitutionally vague. The residual clause of the ACCA is almost identical to that of 18 U.S.C. § 924(c), upon which Padilla's Count Eighteen conviction was based, at least in part.[2] On June 13, 2016, within one year of <u>Johnson</u>, Padilla sought leave from the Second Circuit to file a second or successive § 2255 motion. (Dkt. No. 126 at 6); <u>Padilla v. United States</u>, 2d Cir. No. 16-1871. The Supreme Court then decided <u>Davis</u>, holding, based on <u>Johnson</u> and several textualist arguments, that the residual clause of 18 U.S.C. § 924(c) was unconstitutionally vague. <u>Davis</u>, 139 S. Ct. 2319. On August 30, 2019, on remand from the Supreme Court, the Second Circuit held that conspiracy to commit Hobbs Act robbery was not a crime of violence under § 924(c). See <u>Barrett II</u>, 937 F.3d at 127. On January 28, 2020, the Second Circuit granted Padilla leave to file a § 2255 motion challenging his § 924(c) conviction under the Supreme Court's decision in <u>Davis</u>. (Dkt. No. 126 at 6-7; Dkt. No. 115).

---

[2] The ACCA defined a "violent felony" as an offense that presented a "serious potential risk of physical injury to another." § 924(e)(2)(B)(ii). Section 924(b)(3)(B) defined a "crime of violence" as a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." § 924(c)(3)(B).

C.   **The Instant Motion**

On June 1, 2020, Padilla filed this amended motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  (Dkt. No. 126 at 7; Dkt. No. 123).  His motion alleges that his conviction and sentence are unconstitutional after the Supreme Court's holding in Davis and the Second Circuit's holding in Barrett II.  The government filed its response on July 29, 2020.  Padilla submitted a reply on September 28, 2020.

## DISCUSSION

Padilla's motion is denied.  First, his claim is procedurally barred.  Second, his argument fails on the merits.

A.   **Procedural Bar**

Padilla is procedurally barred from arguing that his § 924(c) conviction is unconstitutional because he cannot show actual prejudice.

1.   **Applicable Law**

A person in federal custody may move to vacate, set aside, or correct his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).  Generally, "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." Massaro v. United States, 538 U.S. 500, 504 (2003) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982)).

To show cause, "a defendant must show some objective factor external to the defense such that the claim was so novel that its legal basis [was] not reasonably available to counsel" at the time of the appeal. Gupta v. United States, 913 F.3d 81, 84 (2d Cir. Jan. 11, 2019) (internal quotations and citations omitted).

To show prejudice, a defendant must establish that the errors of which he complains "worked to his actual and substantial disadvantage," not merely that they created a possibility of prejudice. Frady, 456 U.S. at 170 (emphasis in original). Specifically, the defendant must show a "reasonable probability that, but for the error, he would not have pleaded guilty." United States v. Dussard, 967 F.3d 149, 156 (2d Cir. 2020). When analyzing prejudice, the court may consider the record as a whole, including the Indictment, Plea Agreement, plea colloquy and sentencing proceeding. Id.

   **2.   Application**

As Davis and Barrett II were decided well after his conviction, Padilla did not raise this challenge during the original proceedings. He thus shows cause for not raising the issue, but he fails to show actual prejudice.

   **a.   Cause**

Padilla undoubtedly satisfies the cause prong. Section 924(c) of Title 18 criminalizes the use or carrying of a firearm during a "crime of violence." 18 U.S.C. § 924(c)(1)(A). The statute defines a "crime of violence" as a felony that either:

   (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

   (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).  Subsection (A) is known as the "elements clause" and subsection (B) is known as the "residual clause."  The Supreme Court made clear in <u>Davis</u> that the residual clause of 18 U.S.C. § 924(c)(3) is unconstitutionally vague.  <u>Davis</u>, 139 S. Ct. at 2324.  Further, after <u>Barrett II</u>, conspiracy to commit Hobbs Act robbery is not a crime of violence sufficient to support a conviction under § 924(c).  Accordingly, a predicate offense is a "crime of violence" only if it qualifies under the elements clause.

   In 2000, Padilla pled guilty and was sentenced under 18 U.S.C. § 924(c).  At that time, it was well settled in the Second Circuit that conspiracy qualified as a predicate offense to support a § 924(c) conviction, under the residual clause of the statute.  <u>See, e.g.</u>, <u>United States v. Barrett</u>, 903 F.3d 166, 175 (2d Cir. 2018) ("[I]t has long been the law in this circuit that a conspiracy to commit a crime of violence is itself a crime of violence under 18 U.S.C. § 924(c)(3).") (hereinafter <u>Barrett I</u>), <u>abrogated by Davis</u>, 139 S. Ct. at 2323-24.  The Government nonetheless argues that the § 924(c)(3)(B) void-for-vagueness argument should have been argued at the time of Padilla's direct

appeal in 2001.  (Dkt. No. 126 at 17).  This argument is both unpersuasive and contrary to Second Circuit case law.³

Here, like in Camacho v. United States, "Second Circuit caselaw at the time of Petitioner's direct appeal foreclosed his § 924(c) argument, and the Supreme Court did not take up or decide Johnson until after Petitioner had filed his direct appeal." Camacho v. United States, 17 Civ. 5199 (AKH), 2019 WL 3838395 at *2 (S.D.N.Y. Aug. 15, 2019).  In fact, the Second Circuit continued to uphold the constitutionality of § 924(c)'s residual clause even after Johnson.  See Camacho, 2019 WL 3838395 at *2 n.2 (citing Barrett I, 903 F.3d at 175).  Had Padilla raised this argument at the time of his appeal, it would have been promptly rejected.  Accordingly, it was not "reasonably available" to Padilla at the time of his appeal in 2001.  See Gupta, 914 F.3d at 84.

The Supreme Court's decision in Davis is an objective external factor sufficient to establish cause for Padilla's failure to raise the residual clause argument on direct appeal.  Accordingly, Padilla has shown cause.

---

³ The circuit courts are generally in agreement that "no one -- the government, the judge, or the appellant -- could reasonably have anticipated Johnson." United States v. Redrick, 841 F.3d 478, 480 (D.C. Cir. Nov. 8, 2016); see also Lassend v. United States, 898 F.3d 115, 122-23 (1st Cir. Aug. 2, 2018); Cross v. United States, 892 F.3d 288, 295-96 (7th Cir. June 7, 2018); Ezell v. United States, 743 F. App'x 784, 785 (9th Cir. July 30, 2018); United States v. Snyder, 871 F.3d 1122, 1127 (10th Cir. Sept. 21, 2017); Rose v. United States, 738 F. App'x 617, 628 (11th Cir. June 6, 2018).

b.      **Prejudice**

Padilla argues that he satisfies the prejudice prong "because there is at least a 'reasonable probability' that, but for the unconstitutional residual clause, he would not have pleaded guilty to the § 924(c) count." (Dkt. No. 123 at 9). Padilla cannot show actual prejudice because a § 924(c) conviction does not require a conviction of the predicate offense "so long as there is legally sufficient proof that the predicate crime was, in fact, committed." Johnson v. United States, 779 F.3d 125, 129 (2d Cir. 2015). Such proof exists here.

After Davis, a predicate crime under § 924(c) is a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Murder in aid of racketeering is a crime that has as an element the use, attempted use, or threatened use of physical force against the person or property of another. See N.Y. Penal Law § 125.25 ; 18 U.S.C. § 1959(a)(1).[4] Padilla explained several times, on the record, that he had, in fact, murdered John Santos:

> COURT: Moving on to Count 11, which charges you with
> conspiring with others to murder John Santos, also known as
> Teardrop, can you tell me what you did that makes you
> guilty of that crime?

---

[4] While the Second Circuit has not issued a precedential opinion on this point, it has issued several summary orders. See, e.g., United States v. Sierra, 782 F. App'x 16, 20 (2d Cir. 2019); United States v. Herron, 762 F. App'x 25, 33 (2d Cir. 2019); United States v. Scott, 681 F. App'x 89, 95 (2d Cir. 2017); United States v. Praddy, 729 F. App'x 21, 24 (2d Cir. 2018).

> PADILLA: Me and others conspired to kill Teardrop. I actually pulled the trigger.
>
> COURT: Did you say "I actually pulled the trigger?"
>
> PADILLA: Yes.

(Dkt. No. 126 at 5; Dkt. No. 123, Ex. C at 21-22). Padilla elaborated later in the same proceeding:

> COURT: Finally, Count 18 charges that during the crime charged in Count 11 you used a firearm. You told me that you shot John Santos, is that right?
>
> PADILLA: Yes.
>
> COURT: Was he in fact killed?
>
> PADILLA: Yes.
>
> COURT: What type of weapon did you use?
>
> PADILLA: I can't recall.
>
> COURT: Was it a handgun?
>
> PADILLA: Yes, it was a handgun, yes.

(Dkt. No. 126 at 4-5; Dkt. No. 123, Ex. C at 22-23). I find that there is legally sufficient evidence to show that Padilla, in fact, committed murder in aid of racketeering. The murder of John Santos may thus serve as the predicate offense for the § 924(c) conviction; while Padilla did not plead guilty to the crime, he admitted shooting and killing Santos. This analysis does not change, even though the language in the

Indictment differs from the language in the Plea Agreement. Consequently, Padilla is unable to show actual prejudice.

**B.   Merits**

Even assuming Padilla is not procedurally barred, his argument fails on the merits. Padilla argues that his § 924(c) conviction for unlawful use of a firearm should be vacated because (1) language in the Plea Agreement takes precedence over the language in the Indictment and thus conspiracy was the sole predicate offense justifying his § 924(c) conviction; and (2) conspiracy is not a crime of violence sufficient to support at § 924(c) conviction, and thus his conviction must be vacated. For the reasons set forth below, these arguments fail.

   **1.   Applicable Law**

As noted above, § 924(c) "does not require the defendant to be convicted of (or even charged with) the predicate crime, so long as there is legally sufficient proof that the predicate crime was, in fact, committed." Johnson, 779 F.3d at 129-30; see also Dussard, 967 F.3d at 156.

   **2.   Application**

Padilla is correct that conspiracy no longer serves as a predicate offense for his § 924(c) conviction. This development, however, does not justify vacating his conviction and sentence for Count Eighteen. First, Padilla's Count Eighteen conviction contains a dual predicate: "the conspiracy to murder and murder of John Santos."

Indictment ¶ 41 (emphasis added).  Second, even assuming the Plea Agreement somehow amended the Indictment, there is legally sufficient proof in the record to show that Padilla in fact committed murder, a predicate offense under § 924(c)(3)(A).

Count Eighteen charges Padilla with using a firearm in relation to a crime of violence "as charged in Racketeering Act Five of Count One of this Indictment."  As noted above, Act Five of Count One alleges both the "[c]onspiracy to Murder John Santos," Ex. A ¶ 11a, and the "murder of John Santos." Ex. A ¶ 11a.  Both the Plea Agreement and the plea colloquy specifically reference the Indictment.  Indeed, Padilla described in his own words how he did, in fact, murder John Santos.  Thus, there is legally sufficient evidence to show that Padilla committed murder, a predicate offense sufficient to support a § 924(c) charge under the elements clause.  See § 924(c)(3)(A).  Consequently, I find that Count Eighteen was supported by the predicate of murder.

## CONCLUSION

For the reasons set forth above, Padilla has failed to show a basis for relief under 28 U.S.C. § 2255.  Accordingly, his petition for relief is denied.  Because he has not made a substantial showing of the denial of a constitutional right, I decline to issue a certificate of appealability.  See 28 U.S.C. § 2253 (1996) (as amended by the Antiterrorism and Effective Death Penalty Act).  I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal taken from this order would not be taken in good faith.  The Clerk of the Court is respectfully directed to enter judgment, accordingly, and terminate

the motion pending at 97 Cr. 809 (DC), document number 123, and 16 Civ. 3622 (DC), document number 11, and close the case.

SO ORDERED.

Dated: New York, New York
March 24, 2021

\_\_\_\_s/DC_____
DENNY CHIN
United States Circuit Judge
Sitting by Designation